**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1894
_____

LI BIN LI,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77 317 827)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 10, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed: August 31, 2011)
_____

OPINION
_____

PER CURIAM.

Li Bin Li seeks review of an order of the Board of Immigration Appeals

("BIA") denying her motion to reopen her removal proceedings.  For the reasons that

follow, we will deny the petition for review.

Li is citizen of China who arrived in the United States on June 16, 2000.

1

Shortly thereafter, she was charged with removability pursuant to Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)]. Li conceded that she was removable and applied for asylum. Later, however, an Immigration Judge ("IJ") granted her request to "withdraw the application for admission" and ordered that if Li did not depart the United States by April 25, 2001, an order of removal would become immediately effective. Li did not depart. In 2007, Li filed a motion to reopen, seeking to apply for asylum on the ground that, since the time of her initial removal proceedings, she had given birth to three United States citizen children, and feared persecution for violating China's population control policies. The IJ denied the motion and the Board of Immigration Appeals ("BIA") dismissed her appeal, holding, inter alia, that the birth of Li's children was a change in personal circumstance, rather than a change of circumstances arising in China, and thus did not qualify as an exception to the 90-day time limit for filing a motion to reopen.

Li filed a second motion to reopen in June 2010, seeking to apply for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. She argued that material and previously unavailable evidence of changed circumstances in China was sufficient to excuse the time and numerical limitations on filing a motion to reopen. In support of her motion to reopen, Li submitted statements from women who were forcibly sterilized after having more than one child. The women's statements were supported, in turn, by sterilization certificates and fine receipts. Li also provided a letter issued by her local Family Planning Office, which

2

stated that "if you bring your three children who were born in the United States to reside in China, . . . you must be sterilized . . . ." Li also provided letters, identity cards, passports, and birth and marriage certificates which apparently pertained to another applicant's unrelated asylum case. She also submitted background material indicating that foreign-born children might be treated as Chinese citizens for purposes of the family planning policy. Finally, Li submitted a newspaper article and Amnesty International documents dated April 2010, which reported that Chinese authorities were working to sterilize close to 10,000 people who had violated the family planning policy in Puning City, Guangdong Province.

After examining the evidence that Li had submitted, the BIA denied the motion to reopen, holding that it was untimely and that Li had failed to establish a change in country conditions so as to create an exception to the time limitation. In particular, the Board held that Li did not establish "in any manner" the authenticity of documents from China. The BIA also distinguished the evidence from the unrelated asylum case on the ground that it did not involve children born in the United States or the family planning policy in Li's hometown. With respect to evidence indicating that foreign-born children would be counted in determining violations of China's one-child policy, the Board concluded that such evidence was insufficient to demonstrate that Li would face forcible sterilization. Li filed a timely petition for review of the BIA's decision.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252]. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d

3

241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements do not apply to motions that rely on evidence of "changed country conditions," INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)], or "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3).

Li argues that the BIA failed to adequately explain why the evidence she submitted with the motion to reopen did not establish changed country conditions in China sufficient to warrant reopening.[1] The BIA is required to "actually consider the evidence and argument that a party presents." Zheng v. Att'y Gen., 549 F.3d 260, 266 (3d Cir. 2008) (quoting Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001)). Indeed, "the BIA abuses its discretion if it fails completely to address evidence of changed

---

[1] Li devotes a significant portion of her brief to arguing that her evidence demonstrates that she has a reasonable likelihood of success on the merits of her asylum application. As the Government notes, however, this argument is irrelevant because the BIA denied the motion to reopen on the ground that Li's evidence was not sufficient to support reopening. See Shardar v. Att'y Gen., 503 F.3d 308, 312 (3d Cir. 2007) (explaining that whether a petitioner has presented previously unavailable and material evidence of changed country conditions and whether the evidence as a whole makes out a prima facie case for asylum are "related but analytically distinct" issues).

4

country circumstances offered by a petitioner." Id. At 268 (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). But this mandate does not require that the BIA "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." Id. At 268 (quoting Wang, 437 F.3d at 275). In particular, the BIA is not required to address evidence that is plainly immaterial. See Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir. 2006) (finding an abuse of discretion where the BIA failed to consider documents that were "self-evidently material"). The burden is on the petitioner to prove that the BIA did not review the record or consider material evidence. Abdulai, 239 F.3d at 550. Li has not met that burden. In her brief, Li contends that the Board abused its discretion by failing to mention evidence of the 2010 crackdown by authorities in Puning City, Guangdong Province. Importantly, however, this evidence is not material because Li is from Fujian Province. Cf. Yuan v. Att'y Gen., 642 F.3d 420, 426 (3d Cir. 2011) (holding that substantial evidence supported BIA's determination that evidence unrelated to birth control policies in petitioner's native province was inapposite).

Li also faults the BIA for failing to appropriately consider evidence indicating that the Chinese government "changed its policy and began to count overseas-born children for family planning purposes." In Matter of J-W-S-, the BIA held that evidence in the record failed to demonstrate that the Chinese government has a national policy of requiring forced sterilization of a parent who returns with a second child born outside of China, or that Fujian Province officials in particular were particularly likely to punish, by forcible sterilization, returning Chinese nationals with "unauthorized" children

5

born abroad.  Matter of J-W-S-, 24 I. & N. Dec. 185, 190-91 (BIA 2007).  In support of her argument that the birth control policy had changed, Li relies on a Report of Investigation issued by the United States Citizenship and Immigration Services.  That Report, which was cited in Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 216 (BIA 2010), indicated that a Chinese parent who returns with a second child born abroad will be "sanctioned in compliance with the relevant family planning rules and regulations upon returning to mainland China."  Li alleges that the "difference between the Board's finding in J-W-S- and H-L-H- is so pronounced as to be stunning."  Significantly, however, after examining other evidence in the record, including "highly probative" State Department reports on country conditions, the Board in Matter of H-L-H & Z-Y-Z- concluded that "physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws and that the overall policy is much more heavily reliant on incentives and economic penalties."  Id. At 218.  Ultimately, the BIA held that "the respondent has not shown that her locality represents a current exception to the general rules in which the Chinese Government relies on a variety of measures short of persecution to enforce its population control policy."  Id.  Notably, we recently cited the "comprehensive discussion" in Matter of H-L-H & Z-Y-Z- in rejecting a claim that the BIA "failed to consider evidence showing that petitioners' children will be treated as Chinese citizens."  Chen v. Att'y Gen., -- F.3d --, 2011 WL 923353, at *2 (3d Cir. Mar. 18, 2011).  Here, the BIA stated that it was "not persuaded that the evidence indicates that our decision in Matter of J-W-S- . . . is erroneous, or that [the evidence]

demonstrates changed country conditions since that decision." Under these circumstances, we conclude that evidence fails to show that the BIA abused its discretion in denying reopening.

For the foregoing reasons, we will deny the petition for review.